REID, Judge
(dissenting).
The majority of this Court has denied recovery to the plaintiff for total and permanent disability under the workman’s compensation act. Their opinion is based largely on the testimony of both experts, Dr. Smith and Dr. Cracraft, who were of the opinion because of a fracture of the big toe plaintiff is in no way physically disabled to functionally perform the duties of an iron worker. Both doctors testified they had no personal knowledge of the activities engaged in by structural iron workers, but after the attorneys described the duties required of iron workers they still were of the opinion that the plaintiff could discharge the duties of said employment with no disability as a result of a fractured right toe.
I cannot agree with this opinion.
All the plaintiff’s witnesses testified that a structural iron worker spent 75% to 80% of his time in the “air” meaning up on a superstructure. Only men in top physical condition hold this type of job. The five witnesses who testified for the plaintiff were all structural iron workers and had been for years. They had each been a foreman at different times. They testified Mr. Porche was not able to do any climbing or to go into the “air” with his foot in this condition.
Mr. Porche was originally hired as a structural iron worker and even when transferred to a job as a welder received a structural iron worker’s pay of $3.50 per hour against the recognized pay of the shop welder of $2.25 to $2.50 per hour.
I feel that the majority decision in this case ignores or reverses the decision of this Court in the case of Newsom v. Caldwell & McCann, 51 So.2d 393 and Borders v. Lum- *383 bermens Mutual Casualty Company, 90 So. 2d 409.
The case of Newsom v. Caldwell & McCann, supra, holds as follows:
“The defense to this case rests on two grounds; that plaintiff went back to work and worked for eight months under the classification of ‘iron worker’, the same union classification he had before his injury; and that plaintiff’s own medical witnesses were of the opinion that plaintiff could still safely climb and perform the functions of an iron worker.
“While it is true that plaintiff did go back to work and did hold a job for eight months classified as an iron worker, yet the fact is that he did not then perform the usual duties of an iron worker but was given lighter and safer work as a ‘swamper’; his job was to operate a truck and move steel from a point of storage to where it was to be used or placed in position. There is a radical and big difference between the usual duties of an iron worker and the duties of a swamper.”
While both doctors testified in their opinion they could find nothing obj ective to keep plaintiff from returning to his job as a structural iron worker, they had no experience, nor knowledge of the duties of such a job. Again quoting from Newsom v. Caldwell & McCann, supra:
“The court can take cognizance of the fact that when doctors express opinions on such a subject as this their opinions are not fortified by experience such as has been had by the men who have for years climbed and straddled the steel girders.”
Plaintiff’s witnesses while they were not doctors were all experts in the field of structural iron work, and had worked at one time or another in the capacity of a foreman.
In Borders v. Lumbermens Mutual Casualty Company, supra, this Court found as follows:
“Further, Dr. Williams frankly admitted that the degree of risk to himself and others involved in a finger-amputee’s attempting to perform the climbing duties of an ironworker was ‘hardly even a medical question. I think a layman could make that opinion.’ ”
The Trial Judge who heard the evidence was so impressed with the testimony of lay witnesses that he commented thereon in his written reasons. I believe that the Judge’s findings of fact herein should not be disturbed unless manifestly erroneous.
I, therefore, respectfully dissent herein.